IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KLAUSTECH, INC. | § |
| Plaintiff, | § § § |
| v. | § CIVIL ACTION NO. _____ § |
| ADMOB, INC. | § **JURY TRIAL DEMANDED** § § |
| Defendant. | § § |

## ORIGINAL COMPLAINT

Plaintiff KLAUSTECH, INC. files its Original Complaint against Defendant ADMOB, INC. alleging as follows:

### I. THE PARTIES

1. Plaintiff KLAUSTECH, INC. ("KlausTech" or "Plaintiff") is a stock corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Plano, Texas, located within the Eastern District of Texas. Plaintiff's United States headquarters and only U.S. office is located in this district with all employees located within the United States employed at this location.

2. Upon information and belief, ADMOB, INC. ("AdMob" or "Defendant") is a company organized and existing under the laws of the State of Delaware, with its principal place of business located in San Mateo, California. AdMob can be served with process through its registered agent Omar Hamoui at 60 East 3rd Avenue, San Mateo, California 94401.

### II. JURISDICTION AND VENUE

3. This is an action for infringement of a United States patent. This Court has exclusive jurisdiction of such action under Title 28 U.S.C. § 1338(a).

4. Upon information and belief, Defendant has minimum contacts with the Tyler Division of the Eastern District of Texas such that this venue is a fair and reasonable one. Defendant has committed such purposeful acts and/or transactions in Texas that they reasonably knew and/or expected that they could be hailed into a court as a future consequence of such activity. Upon information and belief Defendant has transacted and, at the time of the filing of this Complaint, is transacting business within the Tyler Division of the Eastern District of Texas. For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

### III. PATENT INFRINGEMENT

5. On October 3, 2000, United States Patent No. 6,128,651 ("the '651 patent") was duly and legally issued for an "Internet Advertising with Controlled and Timed Display of Ad Content from Centralized System Controller." A true and correct copy of the '651 patent is attached hereto as Exhibit "A" and made a part hereof.

6. By way of assignment, Plaintiff is the owner of all right, title and interest in and to the '651 patent, with all rights to enforce the '651 patent against infringers and to collect damages for all relevant times, including the right to prosecute this action.

7. As it pertains to this lawsuit, the '651 patent, very generally speaking, relates to non-scrolling ad displays lodged in a website that cause browsers hitting the website to undertake centrally controlled and recorded ad display for guaranteed minimum timed intervals.

8. Upon information and belief, Defendant manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells, and/or offers for sale products and/or systems that infringe one or more claims of the '651 patent; and/or Defendant induces and/or contributes to the infringement of one or more of the claims of the '651 patent by others.

9. Defendant AdMob infringes the '651 patent because it manufactures, makes, has made, uses, practices, imports, provides, supplies, distributes, sells and/or offers for sale a non-scrolling ad display in a website that causes browsers hitting the website to undertake centrally controlled and recorded ad display for guaranteed minimum timed intervals. By way of example only, AdMob's iPhone application advertising infringes one or more claims of the '651 patent.

10. Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates it for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

11. Upon information and belief, Defendant will continue their infringement of the '651 patent unless enjoined by the Court. Defendant's infringing conduct causes Plaintiff irreparable harm and will continue to cause such harm without the issuance of an injunction.

## V.  JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of United States Patent No. 6,128,651 have been infringed, either literally and/or under the doctrine of equivalents, by Defendant and/or by others to whose infringement Defendant has contributed and/or by others whose infringement has been induced by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c.  That Defendant's infringement be found to be willful from the time Defendant became aware of the infringing nature of their services, which is from the time of filing of Plaintiff's Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284.

d.  That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.  That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285;

f.  That Defendant be permanently enjoined from any further activity or conduct that infringes one or more claims of United States Patent No. 6,128, 651; and

g.  That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated:   February 17, 2010.**                    Respectfully submitted,

/s/  Jonathan T. Suder
State Bar No. 19463350
Erick S. Robinson
State Bar No. 24039142
FRIEDMAN, SUDER & COOKE
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
Fax (817) 334-0401
jts@fsclaw.com
robinson@fsclaw.com

**ATTORNEYS FOR PLAINTIFF
KLAUSTECH, INC.**

K:\KlausTech\Patent Infringement Case\Pleadings\Complaint.doc