1  Michael J. Malecek (State Bar No. 171034)
   Email address:  michael.malecek@kayescholer.com
2  Marisa Armanino Williams (State Bar No. 264907)
   Email address:  marisa.armanino@kayescholer.com
3  Krista M. Carter (State Bar No. 225229)
   Email address:  krista.carter@kayescholer.com
4  KAYE SCHOLER LLP
   Two Palo Alto Square, Suite 400
5  3000 El Camino Real
   Palo Alto, California  94306-2112
6  Telephone:   (650) 319-4500
   Facsimile:    (650) 319-4700
7

8  Robert Laurenzi (*Pro Hac Vice*)
   Email address: robert.laurenzi@kayescholer.com
9  KAYE SCHOLER LLP
   250 W. 55th Street
10 New York, New York 10019-9710
   Telephone:   (212) 836-8000
11 Facsimile:    (212) 836-8689

12 Attorneys for Defendant
   GOOGLE INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| KLAUSTECH, INC., | Case No. 4:10-cv-05899 JSW |
|---|---|
| Plaintiff, | **DEFENDANT GOOGLE INC.'S STATEMENT OF NONOPPOSITION TO SINGER/BEA LLP'S AND MISCHON DE REYA NEW YORK LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF KLAUSTECH, INC.** |
| v. | |
| GOOGLE INC., | |
| Defendant. | |

On November 23, 2016, Singer/Bea LLP and Mischon De Reya New York LLP, counsel for Plaintiff KlausTech, Inc. ("KlausTech") filed a Motion to Withdraw as Counsel. Dkt. No. 198. Pursuant to Local Rule 7-3(b), Defendant Google Inc. ("Google") states that it does not oppose this motion provided that KlausTech is not able to use this procedural maneuver to gain a tactical advantage or unnecessarily prolong the litigation. In particular, should the Court be inclined to grant the motion to withdraw counsel, for a second time, Google respectfully requests that the Court require KlausTech to secure substitution counsel within 30 days or be subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure "to prosecute or comply with these rules and a court order." Fed. R. Civ. P. 41(b). To prevent further prejudice to Google, Google also requests that, if and when the stay is lifted, fact discovery is limited in scope to discovery requests already served and depositions already noticed.

## I. Case Background and Status of Litigation

This case has been pending for nearly seven years from inception, and three and a half years from the conclusion of the reexamination proceedings, with no resolution in sight.[1] KlausTech has failed to diligently prosecute the infringement case it initiated since the reexamination proceedings concluded in May 2013. Google is concerned that the latest withdrawal of counsel (the second to occur in this case) may be a tactical maneuver by KlausTech to avoid its discovery obligations to Google and to avoid concluding its factual discovery on Google.

More than one year passed following the reexamination proceedings before KlausTech even moved the Court to lift the stay and reopen the case on June 6, 2014. Dkt. No. 91. In the meantime, the Parties filed joint status reports on June 11, 2013, October 9, 2013, and February 7, 2014, with KlausTech each time representing that it would "follow up" "by filing a motion formally requesting the Court to lift the stay." Dkt. Nos. 84, 87, and 89. Yet KlausTech did not do so until after the Court administratively closed the case. Dkt. No. 90. Then, only one month after the case was reopened on June 24, 2014 (Dkt. No 94), KlausTech again stalled when its attorneys

---

[1] KlausTech filed the Complaint in this action on February 17, 2010. Dkt. No. 1. The *ex parte* reexamination of the patent-in-suit concluded on April 12, 2013, and the USPTO denied a follow-up request for a second *ex parte* reexamination on May 9, 2013. Dkt. No. 84.

1

moved to withdraw as counsel on July 24, 2014. Dkt. No. 104. The Court granted the motion to withdraw on August 25, 2014 (Dkt. No. 106) and then it took KlausTech three months before its new counsel entered notices of appearance. Dkt. Nos. 110 and 111.

The more recent history of this litigation is characterized by KlausTech's repeated failure to move toward the completion of fact discovery by the Court-ordered and agreed-upon deadline of December 16, 2016. Dkt. Nos. 184 and 185. For example, Google has had repeated difficulties in obtaining cooperation in the scheduling of depositions of KlausTech witnesses – including the principals of KlausTech who also appear to control the counsel relationship and whom were designated to cover the 44 30(b)(6) topics Google requested. Pursuant to N.D. Cal. Local Rule 30-1, prior to noticing depositions, Google attempted to meet and confer in mid-September regarding the scheduling of depositions for individuals identified on KlausTech's initial disclosures and then served deposition notices on October 3, 2016. Carter Decl. ¶ 3. Notably, KlausTech did not respond within the required 10 days after receipt of the deposition notices, in violation of Rule 3 of the Northern District of California's Standing Order for Civil Practice – Deposition Guidelines, dated April 2014. After many efforts by Google to schedule the depositions of KlausTech witnesses, including sending KlausTech a draft Joint Discovery Letter on the issue, the parties finally agreed on October 14, 2016, that the Fed. R. Civ. P 30(b)(1) and 30(b)(6) depositions of Messrs. Scola and Caramico would be conducted on November 16-17, 2016, and November 21-22, 2016, respectively. Carter Decl. ¶ 4.

On November 10, 2016, five weeks prior to the close of fact discovery, KlausTech indicated for the first time that it wanted to stay the District Court litigation pending the outcome of Google's Covered Business Method ("CBM") Review regarding the patent-in-suit. Carter Decl. ¶ 5. Due to the strong Congressional preference for stays pending CBM, Google agreed not to oppose the stay and agreed to postpone one pending deposition to allow time for the Court to consider the motion. *Id.* However, Google indicated that if the Court did not enter the stay, discovery should move forward to be able to be completed by December 16, 2016. *Id.* That proposal specifically indicated that Mr. Caramico's deposition, scheduled for November 21-22, 2016, would go forward if no order had been entered. *Id.* KlausTech agreed. *Id.* Despite this

explicit agreement, it unilaterally canceled the confirmed deposition of Mr. Caramico, just two business days before that deposition was scheduled to take place. Carter Decl. ¶ 6. Then, following two months of efforts by Google to secure deposition dates, the parties finally reached agreement on new dates for three of the four depositions of KlausTech witnesses. *Id.* The agreement was reached on November 22, 2016. *Id.* One day later, KlausTech's counsel moved to withdraw from the case. *Id.*

In contrast, Google has worked hard to secure and provide dates for all noticed witnesses in the remaining time for discovery. KlausTech first noticed depositions of eight Google witnesses, as well as first served a Fed. R. Civ. P. 30(b)(6) deposition notice with twenty-five topics, on November 8, 2016.[2] KlausTech first served subpoenas for two prior employees on November 11, 2016. Despite KlausTech's belated service and its failure to comply with the local rules for serving such notices, by November 22, Google had already offered dates on or before December 16, 2016, for *all* eight agreed Google and third party witnesses. Carter Decl. ¶ 7. KlausTech has not confirmed any of those dates. *Id.*

Now, with less than three weeks remaining in fact discovery, KlausTech is seeking to replace its counsel for a second time, yet it has not secured new representation. Dkt. No. 198. At this stage, Google is subject to a seventh year of litigation, with no time frame for when counsel will be retained, or when and how this case might finally proceed. Considering KlausTech's lack of commitment to its own litigation, and the resulting prejudice to Google in preparing its defense, the Court should impose safeguards to prevent unnecessary delay and unfair advantage to KlausTech from its decision to change its counsel a second time.

## II.    Google's Statement of Non-Opposition

While Google does not oppose KlausTech's motion, it would be highly prejudicial to Google to allow KlausTech to use the replacement of counsel and a stay of deadlines to gain a

---

[2] Again in violation of Rule 3 of the Northern District of California's Standing Order for Civil Practice – Deposition Guidelines, dated April 2014, KlausTech did not attempt to meet and confer regarding deposition dates before serving notices, nor did KlausTech allow for the required 20 days from the date of service to the noticed deposition date.

3
DEFENDANT GOOGLE INC.'S  STATEMENT OF NONOPPOSITION                          Case No. 4:10-cv-05899 JSW

tactical advantage in the case or to unnecessarily prolong its resolution. And, as a corporation, KlausTech may not participate in this action without counsel. *Ameranth, Inc. v. Pizza Hut, Inc.*, Case No. 3:11-cv-01810-JLS (S.D. Cal. Apr. 19. 2012 (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). For these reasons, Google respectfully requests that the Court require KlausTech to secure replacement counsel within 30 days, regardless of whether the Court also grants the Motion to Stay pending resolution of the Covered Business Method Review. *See, e.g.*, *Pension Plan v. Yubacon Inc.*, Case No. 12-04738-DMR, 2014 WL 1101659 (N.D. Cal. March 18, 2014) (denying request for 90-day stay and ordering the defendants to file substitutions of counsel within 30 days). This will ensure that KlausTech is prepared to proceed with litigation whenever the litigation resumes.

If KlausTech does not secure new counsel within 30 days, it should be subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure "to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). *See, e.g.*, *Lotus Mgmt. LLC v. Shulman*, Case No. 13-03401-PJH, 2013 WL 5734893, *3 (N.D. Cal. Oct. 22, 2013) (instructing the plaintiff to secure new local counsel within 30 days or the case would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with court orders); *Valdez v. Downey Savings and Loan Assoc.*, Case No. 06-2541-JF, 2007 WL 1450394 *1 (N.D. Cal. May 14, 2007) (ordering a defendant to retain replacement counsel within 30 days and warning that "[f]ailure to do so may result in entry of default" against defendant) (citing *Employee Painters' Trust v. Ethan Enters., Inc*., 480 F.3d 993, 998 (9th Cir. 2007)); *Consol. Cigar Corp. v. Monete Cristi de Tabacas*, 58 F. Supp. 2d 188, 190 (S.D.N.Y 1999) (where defendant failed to retain replacement counsel by the court-ordered deadline, default judgment was entered against it).

Additionally, to prevent KlausTech from gaining an unfair tactical advantage, Google requests that the Court preserve the current status of discovery to ensure that the parties are in the same situation, as the parties are in today, if and when the litigation resumes with KlausTech's new counsel. In particular, the parties should not be permitted to serve additional discovery requests or deposition notices, nor should they be permitted to expand its witness list to individuals

4

the parties have already committed to not calling as trial witnesses. Carter Decl. ¶ 8 (detailing agreements regarding KlausTech and Google witnesses).

### III. Conclusion

In sum, Google does not oppose Singer/Bea LLP and Mischon De Reya New York LLP's Motion to Withdraw as Counsel provided that KlausTech is required to secure substitute counsel within 30 days and the status of discovery is preserved.

Dated: November 28, 2016

Respectfully submitted,

KAYE SCHOLER LLP

By: */s/ Michael J. Malecek*
　　　Michael J. Malecek
Attorneys for Defendant
GOOGLE INC.